UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth G. McDonald, | Case No. 2:23-cv-00130-CDS-EJY |
| Plaintiff | **Order** |
| v. | |
| Charles Daniels, et al., | [ECF Nos. 1, 11, 12, 13] |
| Defendants | |

State prisoner Kenneth McDonald brings this civil-rights action under 42 U.S.C. § 1983, contending that his constitutional rights were violated while he was incarcerated at Southern Desert Correctional Center (SDCC). I previously referred McDonald to the court's Pro Bono Counsel Program to attempt to find an attorney willing to be appointed as his pro bono counsel for the limited scope of participating in the court's Inmate Early Mediation Program. ECF No. 6. The court was not able to locate an attorney willing to be appointed as McDonald's pro bono counsel. So I screened McDonald's first amended complaint under 28 U.S.C. § 1915A, allowing some claims to proceed and giving him until May 30, 2024, to file a notice stating whether he wants to participate without counsel in the court's mediation program or proceed onto the normal litigation track. ECF No. 14. McDonald timely filed notice that he wants to proceed onto the normal litigation track. ECF No. 15. He asks that I keep my order about the appointment of counsel in place. *Id.* He moves for a temporary restraining order and a preliminary injunction and for an order requiring the defendants to preserve evidence related to his claims. ECF Nos. 11, 12, 13. And he applies to proceed *in forma pauperis*. ECF No. 1.

Based on the financial information provided, I find that McDonald is unable to prepay the full filing fee in this action. Thus, I grant his application to proceed *in forma pauperis* and do not require him to pay an initial installment of the filing fee. I deny McDonald's motions for pretrial equitable relief and early discovery because he has not demonstrated that he is entitled to that relief. And I deny McDonald's request to maintain the order for the appointment of counsel

without prejudice to his ability to move for the appointment of counsel for all purposes through trial in a properly supported and served motion.

I.      Discussion

   A.  Motions for a restraining order and injunctive relief.

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Supreme Court clarified the standard for these forms of equitable relief, instructing that the plaintiff "must establish that [he or she] is likely to succeed on the merits, that [he or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his or her] favor, and that an injunction [or restraining order] is in the public interest." *Id.* at 20.

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he or she] must establish that the law and facts *clearly favor* [his or her] position, not simply that [he or she] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (cleaned up). Additionally, under the Prison Litigation Reform Act, any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

For injunctive relief to issue in any case, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* The necessary nexus exists "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

A prisoner seeking a remedy for unsafe conditions does not have to await a tragic event such as an actual assault before obtaining relief. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). But "[a]n inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue must adequately plead such a violation." *Id.* at 845–46 (cleaned up). And the inmate must demonstrate that prison officials are "knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so." *Id.* at 846. But the fact "[t]hat prison officials' current attitudes and conduct must be assessed in an action for injunctive relief does not mean, of course, that inmates are free to bypass adequate internal prison procedures and bring their health and safety concerns directly to court." *Id.* (cleaned up).

McDonald moves for a temporary restraining order and a preliminary injunction (1) requiring that he remain housed at Lovelock Correctional Center (LCC), (2) appointing him a pro bono attorney, (3) prohibiting defendants from retaliating against him, and (4) requiring defendants to provide him adequate medical care for his nerve pain. ECF Nos. 12, 13. McDonald argues that he was moved from SDCC to LCC on September 21, 2023, "for safety reasons." ECF No. 12 at 13. There is no evidence or plausible allegation that McDonald is likely to be transferred to a different facility. Nor is there evidence or plausible allegation that any defendant continued to violate McDonald's civil rights after he was transferred to LCC. Rather, the evidence supporting McDonald's motions concerns events that happened before he was transferred to LCC. *See id.* at 19–23. Moreover, I lack authority to issue an order about McDonald's medical needs because the first amended complaint does not state a colorable claim about that issue. Finally, motions for pretrial equitable relief like restraining orders and injunctions are not the proper vehicle to seek the appointment of counsel. McDonald's motions for a restraining order and a preliminary injunction are therefore denied.

### B. Motion to preserve evidence.

McDonald moves the court to require the defendants to preserve all video footage from inside and outside SDCC from January 2021 to September 2023, incoming call logs for April 2023, records of all mail and packages sent to McDonald at SDCC, recordings of McDonald's outgoing calls from SDCC, and records showing who was assigned to field incoming telephone calls at

SDCC on April 16, 2023. ECF No. 11. McDonald has not demonstrated that he needs a protective order or expedited discovery for any matter that is currently before the court. I have screened McDonald's first amended complaint and allowed certain specified claims to proceed onto the normal litigation track. But there are no pending motions before the court. No defendants have been served with process in this action. And the court has not yet issued a scheduling order setting discovery and dispositive motion deadlines. McDonald's motion for an order to preserve evidence is therefore denied.

### C. Request to maintain pro bono referral (ECF No. 15 at 2).

I previously referred McDonald to the court's Pro Bono Counsel Program to try finding an attorney willing to be appointed as his pro bono counsel for the narrow scope of participating in the court's Inmate Early Mediation Program. ECF No. 6 at 21. Despite diligent efforts, the court was not able to locate an attorney willing to be appointed as pro bono counsel for McDonald. Thereafter, McDonald filed a notice stating that he wants to proceed onto the normal litigation track, not mediate himself. ECF No. 15. Within McDonald's notice is a request to keep in place the order referring him to the pro bono counsel program. *Id.* at 2.

I construe McDonald's request as seeking the appointment of counsel for all purposes through trial. I deny McDonald's request without prejudice because it has not been properly presented. If McDonald believes that his circumstances merit appointing him a free attorney for all purposes through trial, then he must file and properly serve a motion demonstrating that he is entitled to that relief. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (explaining that "the court will appoint counsel for indigent civil litigants only in 'exceptional circumstances[,]'" which requires considering "the likelihood of success on the merits as well as the ability of the [movant] to articulate his claims pro se in light of the complexity of the legal issues involved").

## II. Conclusion

It is therefore ordered that McDonald's motions for a temporary restraining order, a preliminary injunction, and to preserve evidence **[ECF Nos. 11, 12, 13] are DENIED**.

It is further ordered that McDonald's request to maintain the order referring this matter to the court's Pro Bono Counsel Program **[ECF No. 15 at 2] is DENIED without prejudice** to

4

McDonald's ability to seek the appointment of counsel for all purposes through trial in a properly briefed and served motion.

It is further ordered that McDonald's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. McDonald will not be required to pay an initial installment of the filing fee. And he is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. But in the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

It is further ordered that the Nevada Department of Corrections will forward payments from the account of **Kenneth G. McDonald, #50925** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

The Clerk of the Court is directed to electronically **SERVE** a copy of this order and a copy of the first amended complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 14), within 21 days of the date of entry of this order, the Attorney General's Office will file a notice advising the court and McDonald of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a

post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), McDonald will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, McDonald will provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the first amended complaint (ECF No. 8) within 60 days from the date of this order.

It is further ordered that McDonald will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for the court's consideration. If McDonald electronically files a document with the court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if McDonald mails the document to the court, he will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, McDonald will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

Dated: July 8, 2024

_____
Cristina D. Silva
United States District Judge